Filed 2/18/26  Conservatorship of K.L. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person and Estate of K.L. | |
| STANISLAUS COUNTY PUBLIC GUARDIAN, AS CONSERVATOR, ETC., <br><br> Petitioner and Respondent, <br><br> v. <br><br> K.L., <br><br> Objector and Appellant. | F090402 <br><br> (Super. Ct. No. 3001183) <br><br><br> OPINION |

THE COURT\*

APPEAL from an order of the Superior Court of Stanislaus County.  David Hood, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Objector and Appellant.

No appearance for Petitioner and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Meehan, J. and DeSantos, J.

K.L. appeals from an August 26, 2024 order reestablishing his conservatorship under the Lanterman-Petris-Short Act (LPSA) and reappointing the Stanislaus County Public Guardian (public guardian) as conservator of his person and estate. (Welf. & Inst. Code,[1] § 5000, 5350.)

Appointed counsel for K.L. filed an opening brief under *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), setting forth the relevant background. K.L. filed a supplemental brief in the form of a letter to this court, in which he raised no cognizable claim as to the underlying proceedings. Accordingly, we dismiss the appeal. (*Id*. at p. 544.)

## BACKGROUND

In 2014, K.L. was charged in Stanislaus County with various crimes (assault to commit rape on a minor, committing a lewd act on a child, and threatening a public official), but was found incompetent to stand trial. He was committed to a state hospital for treatment multiple times during the criminal proceedings; however, he was ultimately not restored to competency. In 2024, the public guardian petitioned the superior court to place him under an LPSA conservatorship (LPS conservatorship). (See LPSA, §§ 5008, 5350.) The trial court granted the petition and K.L. was placed under the conservatorship of the public guardian for a one-year period commencing on June 26, 2024, and ending on June 24, 2025.

On April 11, 2025, Stanislaus County filed in the superior court, a conservatorship investigation report recommending renewal of the existing conservatorship over K.L. for an additional year. Thereafter, on May 9, 2025, the public guardian filed a verified "PETITION FOR REAPPOINTMENT OF LPS CONSERVATOR OF THE PERSON AND ESTATE [of K.L.]" (reappointment petition). The reappointment petition noted: "The [p]ublic [g]uardian of the County of Stanislaus [requests that it] be reappointed as

---

[1]     Further undesignated citations are to the Welfare and Institutions Code.

[c]onservator of the person and estate of [K.L.] for a succeeding one-year period beginning June 25, 2025[,] and ending June 24, 2026."

The reappointment petition specified that the public guardian "has determined that conservatorship [continues to be] required for [K.L.] because he is still a gravely disabled person as defined in … [s]ection 5008[, subdivision ](h)(1)(B), in that he has been found mentally incompetent under section 1370 of the Penal Code." The reappointment petition further specified that other requisite conditions for a finding that K.L. was gravely disabled, including as set forth in section 5008, subdivision (h)(1)(B), were also satisfied. (See § 5350.)

Specifically, the reappointment petition noted that the charges pending against K.L. at the time of commitment "involv[ed] death, great bodily harm, or a serious threat to the physical well-being of another person" and the charging instrument had not been dismissed. The reappointment petition also stated that, "[a]s a result of a mental disorder," K.L. was "unable to understand the nature and purpose of the proceedings taken against him … and to assist counsel in the conduct of his … defense in a rational manner." In addition, the reappointment petition noted that K.L., "by reason of a mental disorder," "represent[ed] a substantial danger of physical harm to others," and a conservatorship was warranted "for the purposes of protection of the public and treatment of [K.L.]." (See §§ 5008, subd. (h)(1)(B), 5350; see also *In re Lerke* (2024) 107 Cal.App.5th 685, 697.)

In addition to renewal of the conservatorship, the reappointment petition requested the imposition of five specific restrictions on K.L., as follows: (1) K.L. shall not possess a license to operate a motor vehicle; (2) K.L. shall not have the right to enter into contracts; (3) K.L. shall not have the right to possess a firearm; (4) K.L. shall not have the right to refuse or consent to treatment related to remedying or preventing the recurrence of his being gravely disabled; and (5) K.L. shall not have the right to refuse or

consent to routine medical treatment unrelated to remedying or preventing the recurrence of his being gravely disabled.

The reappointment petition further noted: "[The public guardian's] determination [as to necessity of its reappointment as conservator] is supported by the opinion of two physicians … that [K.L.] is still gravely disabled as a result of a mental disorder. These opinions will be filed [with the court] prior to the hearing date."

Subsequently, on June 5, 2025, the public guardian filed in support of its petition for reappointment, declarations from Dr. Austin Blum and Dr. Amarpreet Singh, dated May 7, 2025. Blum and Singh attested they had recently examined K.L., and among other findings, opined he was "presently suffering from a mental disorder" that "renders him gravely disabled." Blum and Singh identified the mental disorder at issue as "[b]ipolar I disorder, [c]urrent or most recent episode manic, [w]ith psychotic features." Blum and Singh further declared: "It is our opinion that [K.L.] requires a conservator, and we recommend reappointment of a conservator."

The trial court held a hearing in the matter on August 26, 2025, with K.L. and his counsel present. K.L.'s counsel noted he had talked with K.L. the previous day. At the hearing, K.L. waived his right to both a jury trial and a bench trial and accepted, without contest, the renewal of the existing conservatorship for another year and the reappointment of the public guardian as conservator. The court further advised K.L. of the restrictions specified in the reappointment petition. K.L. agreed to imposition of the restrictions.

Based on the public guardian's verified petition for reappointment and supporting documentation (including the declarations of Blum and Singh), and K.L.'s decision to waive trial and not contest the petition for reappointment, the trial court found that "all the facts alleged in the petition [were] true" and that K.L. was "still a gravely disabled person as a result of a mental disorder." The court granted the public guardian's reappointment petition, renewing the conservatorship for an additional year, reappointing

the public guardian as conservator, and imposing the specified restrictions. On August 27, 2025, letters of LPS conservatorship were issued.

K.L. appeals from the trial court's August 26, 2025 order renewing the conservatorship and reappointing the public guardian as conservator of his person and estate through June 24, 2026.

## DISCUSSION

*People v. Wende* (1979) 25 Cal.3d 436 establishes that "[i]n an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Ben C.*, *supra*, 40 Cal.4th at p. 535.) But as K.L.'s appointed counsel acknowledges, *Wende* review is not required in conservatorship proceedings.

In *Ben C.*, our Supreme Court held that the right to independent review does not extend to appeals from the imposition of a conservatorship under the LPSA. (*Ben C.*, *supra*, 40 Cal.4th at p. 539.) "If appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion." (*Id.* at p. 544, fns. omitted.)

Pursuant to *Ben C.*, K.L.'s appointed counsel filed a brief setting out the applicable facts and law and indicated she found no arguable issues to be pursued on appeal. (See *Ben C.*, *supra*, 40 Cal.4th at p. 544.) In an accompanying declaration, counsel stated that she explained to K.L. her evaluation of the record on appeal, her intention to file a *Ben C.* brief, and K.L.'s right to file a supplemental brief. Counsel also served K.L. with a copy of the brief and informed him that, upon request, she would send him the record on appeal.

On December 3, 2025, we sent a notice to K.L. advising that in addition to the brief submitted by his appointed counsel, he could submit, within 30 days, "a letter stating any grounds on appeal" that he wanted this court to consider.

On December 17, 2025, K.L. submitted a letter to this court; however, we discern no cognizable issue in K.L.'s letter. Therefore, consistent with *Ben C.*, *supra*, 40 Cal.4th at p. 544, we dismiss the appeal.[2] (See *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1023, 1026.)

## DISPOSITION

The appeal is dismissed. No costs are awarded.

---

[2] We decline the invitation of K.L.'s appointed counsel to independently review the record for error.